[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #108
The plaintiff, Success Village Apartments, Inc., filed a one-count amended complaint against the defendants, Elizabeth Kiluk-Mack, Guy Martone and Dorothy Townsend.[1] The plaintiff alleges that it has an interest in the premises located at Building 21, Apartment 18 of the Success Village Apartments pursuant to General Statutes § 47-200 et seq., the Common Interest Ownership Act. Specifically, the plaintiff claims that it is owed $5,601.50[2] plus interest and attorney's fees for nonpayment of common charges and late charges.
The defendant filed an answer and counterclaim,[3]
admitting that he is in possession of the subject premises but denying that he has an ownership interest in the subject premises. The defendant's counterclaim, which he calls a "cross-claim," does not relate to the issue of ownership or control of the premises.
The plaintiff has filed a motion for summary judgment as to liability only, on the ground that there is no genuine issue of CT Page 14288 material fact in dispute as to the defendant's ownership interest in the subject premises and that the plaintiff is entitled to summary judgment as a matter of law. The plaintiff relies upon a copy of a quit-claim deed whereby Elizabeth M. Martone conveyed the subject premises to the defendant on April 21, 1988. (Motion For Summary Judgment, Exhibit A). The defendant has not objected to the motion.
Based upon the evidence provided by the plaintiff, the plaintiff's motion for summary judgement as to liability only is granted. The plaintiff has provided to the court in the form of a copy of a recorded quit claim deed evidence indicating that the defendant is the owner of the subject premises. The defendant has failed to provide any evidence indicating that he is not the owner of the premises. Accordingly, the motion for summary judgment is granted.
BALLEN, J.